ROBERT D. PHILLIPS, JR. (State Bar No. 82639)
RACHEL E. K. LOWE (State Bar No. 246361)
GILLIAN H. CLOW (State Bar No. 298966)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, CA   90071
Telephone:   213-576-1000
Facsimile:   213-576-1100
E-mail:      bo.phillips@alston.com
             rachel.lowe@alston.com
             gillian.clow@alston.com

Attorneys for Defendant
GLANBIA PERFORMANCE NUTRITION
(MANUFACTURING), INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL GONZALES, individually and on behalf of all other similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>       Defendants. | **Case No.:** 2:22-cv-05909<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]**<br><br>Filing Date:  July 18, 2022 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Glanbia Performance Nutrition (Manufacturing), Inc. ("Glanbia") hereby removes the above-captioned case, entitled *Michael Gonzales v. Glanbia Performance Nutrition (Manufacturing), Inc.*, originally filed in the Superior Court of the State of California, County of Los Angeles and assigned Case No. 22STCV22913 (the "State Court Action") to this Court under 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set out below.

## I.    <u>INTRODUCTION</u>

On July 18, 2022, Plaintiff Michael Gonzales ("Plaintiff") filed the State Court Action, alleging putative class action claims for (1) violation of California's unfair competition law, Business & Professions Code § 17200, *et seq.*; (2) false and misleading advertising in violation of Business & Professions Code § 17500, *et seq.*; (3) violation of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*; (4) unjust enrichment; (5) common law fraud; (6) intentional misrepresentation; and (7) negligent misrepresentation. Plaintiff alleges that Defendant deceived him and members of a putative class of nationwide purchasers because Defendant sold them powder nutrition/supplement Essential Energy products in opaque containers (the "Products") that, according to Plaintiff, contained excessive, nonfunctional "slack-fill." *See generally* Exh. A (Complaint, ¶ 46). On July 22, 2022, Plaintiff served the Complaint on Defendant's registered agent. Exh. B (Service of Process Note).

Defendant denies that there are plausible allegations that a reasonable consumer is misled by the powder nutrition/supplement products at issue in the Complaint, which are sold by weight, identify the number of servings and serving size, and include a serving scoop at the top. They look forward to the Court's consideration of these issues at a future date. At this time, the relevant inquiry is whether this Court has jurisdiction over this matter, which it plainly does pursuant to CAFA.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d).  In his Complaint, Plaintiff seeks to represent a nationwide class and also alleges that the CAFA requirements for federal jurisdiction have been met.  Though filed in state court, Plaintiff's Complaint bears a caption for this court and alleges that "[t]his Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states." Exh. A. ¶ 14.

Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions.  CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse and the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

CAFA's requirements are satisfied here.

### A.    Class Action.

The State Court Action is a class action as defined by CAFA.  According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).

Plaintiff brings claims on behalf of himself and a proposed class of "[a]ll persons who purchased the Product in the United States for personal use and not for resale during the time period of four years prior to the filing of this Complaint to the present."  Exh. A. ¶ 46.  The State Court Action therefore meets the definition of a "class action" under CAFA.

**B.    Removal Under CAFA.**

CAFA provides that a class action brought against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100 (28 U.S.C. § 1332(d)(5)(B)); (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant (*id.* at (d)(2)); and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs.  *Id.*; *see also* § 28 U.S.C. § 1453(b).  Plaintiff specifically pleads these requirements are met here.  *See* Exh. A ¶ 14.

**1.    The Number of Proposed Class Members Is At Least 100.**

This requirement is satisfied because Plaintiff alleges that "there are 100 or more class members."  Exh. A ¶ 14.

**2.    Diversity of Citizenship Under CAFA.**

The parties are minimally diverse because Plaintiff alleges that he is a citizen of California (Exh. A ¶ 7) and that Glanbia is a citizen of other states – he specifically alleges that Glanbia "is a Delaware corporation with its principal place of business located in Downers Grove, Illinois." *Id.* ¶ 8.

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff is a California citizen.  Exh. A ¶ 7  Defendant is not a California citizen.  A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *The Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (for diversity jurisdiction, "principal place of business" refers to the "nerve center" of the corporation which is where "a corporation's officers direct, control, and coordinate the corporation's activities").

1    Because at least one member of the proposed class "is a citizen of a State

2    different from . . . [D]efendant" (28 U.S.C. § 1332(d)(2)(A)), CAFA's diversity of

3    citizenship requirement is satisfied.  Moreover, the exceptions listed in 28 U.S.C. §

4    1332(d)(4)(A)–(B) do not apply, because no defendant is a citizen of California.

5               **3.    Amount in Controversy.**

6    CAFA's third requirement—that the aggregate amount in controversy,

7    exclusive of interest and costs, exceeds $5 million—is also satisfied.  28 U.S.C. §

8    1332(d)(2).  Although Defendant maintains that the allegations in the Complaint lack

9    merit and that Defendant has not injured Plaintiff or any putative class member,

10   the alleged amount in controversy here exceeds $5 million.

11   As the Supreme Court has explained, a removing defendant need only *plausibly*

12   *allege* that the amount in controversy exceeds CAFA's threshold: "[A]s specified

13   in §1446(a), a defendant's notice of removal need include only a plausible allegation

14   that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

15   *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 554, 190

16   L.Ed.2d 495, 504 (2014); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223,

17   1227–1228 (9th Cir. 2019) ("The district court also erred by placing on Cox a burden

18   to prove its jurisdictional allegations in response to Ehrman's facial challenge. . . .

19   Because 'no antiremoval presumption attends cases invoking CAFA,' *Dart Cherokee*,

20   135 S. Ct. at 554, courts should be especially reluctant to *sua sponte* challenge a

21   defendant's allegations of citizenship.").

22   Plaintiff alleges that "there is an aggregate amount in controversy exceeding

23   $5,000,000, exclusive of interest and costs."  Exh. A ¶ 14 (emphasis added).  This

24   allegation alone satisfies CAFA's amount in controversy threshold.

25   Plaintiff's other allegations similarly demonstrate that the amount in

26   controversy is satisfied.  Plaintiff seeks to represent a *nationwide class* of Product

27   purchasers predicated on an expansive definition of "Product."  Specifically, he

28   defines the putative class as "[a]ll persons who purchased the Product in the United

States for personal use and not for resale during the time period of four years prior to the filing of the Complaint to the present," (Ex. A ¶ 46), which he estimates to include "many thousands of persons." *Id.* ¶ 47.  Plaintiff seeks to represent purchasers of the "Product," defined to include "all sizes and varieties" of Glanbia's "'Optimum Nutrition Essential Energy' products sold in opaque containers." *Id.* ¶ 1.  He alleges that *each* Product contains nonfunctional slack-fill that provides no value to consumers.  *E.g.*, ¶ 13.   And, Plaintiff seeks compensatory damages, statutory damages, and restitution to compensate him and the putative class for all of Defendant's "ill-gotten gains."  Exh. A ¶¶ 5, 55.

Further, the above analysis does not include attorney's fees, which Plaintiff also seeks (Exh. A ¶ 5) and which must be included in the amount in controversy.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").  Assuming for the sake of this removal only that this Court were to apply a 25% common fund benchmark if Plaintiff were somehow successful, Plaintiff's attorney's fees would increase the amount in controversy by no less than $1.25 million (.25 * $5 million).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.").

Finally, Plaintiff also seeks injunctive relief for the alleged violation of the CLRA.  Exh. A, ¶ 125.  Any injunctive relief—whether in the form of a label change or other consumer notice procedure—for all Products sold to consumers nationwide would be a costly endeavor, estimated in the hundreds of thousands of dollars, if not more.

The alleged amount at issue in Plaintiff's Complaint plainly exceeds the jurisdictional minimum under CAFA.

## III. DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

### A. This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty days after service of the Complaint on Defendant. Here, Defendant's registered agent was served with copies of the Summons and Complaint on July 22, 2022.  Exh. B.  Therefore, this Notice of Removal, filed on August 19, 2022—within 30 days of service—is timely filed under 28 U.S.C. §1446(b).

### B. Defendant Has Satisfied all Procedural Requirements.

Venue is proper.  Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles.  Accordingly, this action is properly removed to this Court, which embraces Los Angeles County within its jurisdiction.  28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Glanbia is the only defendant that Plaintiff has served.  The Doe Defendants have not been named or served and therefore do not need to consent to removal.  *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Finally, Defendant provided proper notice.   Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action.  True and correct copies of these documents are listed below:

- Complaint (Exhibit A)
- Service of Process Note (Exhibit B)
- Summons to Defendant & Civil Cover Sheet (Exhibit C)

Pursuant to 28 U.S.C. §1446, subsection (d), Defendant is filing a copy of the Notice of Removal with the Clerk of Los Angeles County Superior Court and serving Plaintiff with the same.  A copy of the Notice to the Superior Court (which we are serving on Plaintiff), without exhibits, is attached as Exhibit "D."

## IV.    __CONCLUSION__

Plaintiff's allegations demonstrate that CAFA's requirements have been met, including the Complaint's allegations that (1) the proposed class contains at least 100 members, (2) at least one member of the proposed class (and in fact all proposed members of the California class action) is a citizen of a state different than Defendant's states of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met.   For these reasons, this action is properly removed to this Court.


DATED: August 19, 2022             ROBERT D. PHILLIPS
                                   RACHEL E. K. LOWE
                                   GILLIAN H. CLOW
                                   **ALSTON & BIRD LLP**

                                   /s/ Rachel E. K. Lowe
                                   _____
                                   Rachel E. K. Lowe
                                   Attorneys for Defendant
                                   **GLANBIA PERFORMANCE NUTRITION
                                   (MANUFACTURING), INC.**

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(d)
[CLASS ACTION FAIRNESS ACT]

EXHIBIT A

22STCV22913

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer:
Electronically FILED by Superior Court of California, County of Los Angeles on 07/18/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL GONZALES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC., a Delaware corporation, and DOES 1 through 25, inclusive,

Defendants.

Case No. 22STCV22913

**CLASS ACTION COMPLAINT**

1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*
4. UNJUST ENRICHMENT
5. COMMON LAW FRAUD
6. INTENTIONAL MISREPRESENTATION
7. NEGLIGENT MISREPRESENTATION

### INTRODUCTION

1. Defendant Glanbia Performance Nutrition (Manufacturing), Inc. ("Defendant") manufactures and sells a popular line of powder nutrition/supplement products throughout the United States. To increase profits at the expense of consumers and fair competition, Defendant deceptively sells its products in oversized packaging that does not reasonably inform consumers that they are nearly half empty. Defendant's slack-fill scam extends to all sizes and varieties of its "Optimum Nutrition Essential Energy" products sold in opaque containers (the "Product"). Defendant dupes unsuspecting consumers across America to pay premium prices for empty space. In one version of the Product, the opaque container below is a true and correct image of Defendant's Optimum Nutrition Essential Energy Product, evidencing the deception. The first photograph shows the Product as it appears to the purchaser, and the second photograph shows that the Product packaging is more than 60% empty.





2.    Defendant markets the Product in a systematically misleading manner by representing it as adequately filled when, in fact, it contain an unlawful amount of empty space or "slack-fill." Defendant underfills the Product for no lawful reason. The front of the Product's packaging does not include any information that would reasonably apprise Plaintiffs of the quantity of product relative to the size of the container, such as a fill line.

3.    Defendant underfills the Product to save money (by not filling the containers) and to deceive consumers into purchasing the Product over its competitors' products. Defendant's slack-fill scheme not only harms consumers, but it also harms its

competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each container.

4.    Accordingly, Defendant has violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9). As such, Defendant has committed *per se* violations of Business & Professions Code section 17200, et seq. and Business & Professions Code section 17500, et seq.

5.    Plaintiff and consumers have, accordingly, suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, inter alia, compensatory damages, statutory damages, restitution, and attorneys' fees.

6.    Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See, e.g., Winkelbauer v. Orgain Mgmt. et. al*, Case No. 20STCV44583 (L.A.S.C. May 20, 2021) (defendant's demurrer to claims involving slack-filled protein powder products overruled); *Barrett v. Optimum Nutrition*, Case No. 2:21-cv-04398-DMG-SK (C.D. Cal. Jan. 12, 2022) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled protein powder claims denied); *Padilla v. The Whitewave Foods Co., et. al.*, Case No. 2:18-cv-09327-JAK-JC (C.D. Cal. July 26, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Matic v. United States Nutrition, Inc.*, Case No. 2:18-cv-09592-PSG-AFM (C.D. Cal. Mar. 27, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Merry, et al. v. International Coffee & Tea, LLC dba The Coffee Bean*, Case No. CIVDS1920749 (San Bernardino Superior Court Jan. 27, 2020) (defendant's demurrer to slack-filled powder container claims overruled); *Coleman v. Mondelez Int'l Inc.*, Case No. 2:20-cv-08100-FMO-AFM (C.D. Cal. July 26, 2021) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Swedish Fish® candy box claims denied); *Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal. July 25, 2017) (defendant's FRCP

1    12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims

2    denied and nationwide settlement class certified) (cert. granted Oct. 31, 2018);

3    *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C. Feb. 28, 2018)

4    (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough

5    Bites® candy box claims denied and nationwide settlement subsequently certified

6    through Missouri court); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-

7    02664-DSF-MRW (C.D. Cal. Oct. 4, 2017) (defendant's FRCP 12(b)(6) motions to

8    dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied);

9    *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. June 12,

10    2017) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot

11    Tamales® candy box claims denied, and California class action certified over

12    opposition) (cert. granted June 19, 2019); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case

13    No. BC649863 (April 29, 2020) (certifying as a class action, over opposition, slack-fill

14    claims brought under California consumer protection laws).

15    **PARTIES**

16         7.     Plaintiff Michael Gonzales is a Citizen and resident of California. Plaintiff

17    purchased Defendant's Optimum Nutrition Essential Energy Product for personal use

18    during the Class Period. In making his purchase, Plaintiff relied upon the opaque

19    packaging, including the size of the container and product label, which was prepared

20    and approved by Defendant and its agents and disseminated statewide and nationwide,

21    as well as designed to encourage consumers like Plaintiff to purchase the Products.

22    Plaintiff understood the size of the container and product label to indicate that the

23    amount of nutrition/supplement powder contained therein was commensurate with the

24    size of the container, and he would not have purchased the Product, or would not have

25    paid a price premium for the Product, had he known that the size of the container and

26    product label were false and misleading. If the Product's packaging and labels were not

27    misleading, then Plaintiff would purchase the Product in the future.

28

8.    Defendant, Glanbia Performance Nutrition (Manufacturing), Inc. is a Delaware corporation with its principal place of business located in Downers Grove, Illinois.   Defendant, directly and through its agents, conducts business nationwide. Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, and distributor of the Product, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Product.

9.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Glanbia Performance Nutrition (Manufacturing), Inc.and DOE Defendants will hereafter collectively be referred to as "Defendants").

10.    The true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.    In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Product. Defendant participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

12.    Defendant, upon becoming involved with the manufacture, advertising, and sale of the Product, knew or should have known that its advertising of the Product's packaging, specifically by representing that they were full, was false, deceptive, and

misleading. Defendant affirmatively misrepresented the amount of nutrition/supplement powder contained in the Product's packaging in order to convince the public and consumers of the Product to purchase the Product, resulting in profits of millions of dollars or more to Defendant, all to the damage and detriment of the consuming public.

13.    Defendant has created and still perpetuates a falsehood that Product's packaging contains an amount of nutrition/supplement powder commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Product are false, misleading, and/or likely to deceive in violation of California and federal packaging and advertising laws.

**JURISDICTION AND VENUE**

14.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

15.    Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant made the challenged false representations to Plaintiff in this District; and Plaintiff purchased the Product in this District. Moreover, Defendant receives substantial compensation from sales in this District, actively advertises and sells the Products in this District, and made numerous misrepresentations through its advertising and labeling of Products, which had a substantial effect in this District.

16.    Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## **FACTUAL BACKGROUND**

17.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase;[1] this decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased because consumers expect package size to accurately represent the quantity of the good being purchased[2].

18.     Accordingly, Defendant chose a certain size container for its Product to convey to consumers that they are receiving a certain and substantial amount of powder product commensurate with the size of the container. Such representations constitute an express warranty regarding the Product's content.

19.     Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

20.     Defendant falsely represents the quantity of product in each of the Product's opaque containers through its packaging. The size of each container leads the reasonable consumer to believe he or she is purchasing a container full of nutrition supplement/powder product when, in reality, what he or she actually receives is significantly less than what is represented by the size of the container.

21.     Even if Plaintiff and other reasonable consumers of the Product had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of

---

[1]  Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-secondwindown./.

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

powder product meaningfully different from their expectation of an amount of nutrition
supplement/powder commensurate with the size of the container.

22.    Prior to the point of sale, the Product's packaging does not allow for a
visual or audial confirmation of the contents of the Product. The Product's opaque
packaging prevents a consumer from observing the contents before opening. Even if a
reasonable consumer were to "shake" the Product before opening the container, the
reasonable consumer would not be able to discern the presence of any nonfunctional
slack-fill, let alone the significant amount of nonfunctional slack-fill that is present in
the Product.

23.    The other information that Defendant provides about the quantity of
powder on the front and back labels of the Product does not enable reasonable
consumers to form any meaningful understanding about how to gauge the quantity of
contents of the Product as compared to the size of the container itself. For instance, the
front of the Product's packaging does not have any labels that would provide Plaintiff
with any meaningful insight as to the amount of nutrition supplement/powder to be
expected, such as a fill line.

24.    Disclosures of net weight and serving sizes in ounces, pounds, or grams do
not allow the reasonable consumer to make any meaningful conclusions about the
quantity of nutrition supplement/powder contained in the Products' containers that
would be different from their expectation that the quantity of nutrition
supplement/powder is commensurate with the size of the container.

25.    Plaintiff would not have purchased the Product had he known that the
Product contained slack-fill that serves no functional or lawful purpose.

### None of the Slack-Fill Statutory Exceptions Apply to the Product

26.    Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded
if its container is so made, formed, or filled as to be misleading." An opaque container
"shall be considered to be filled as to be misleading if it contains nonfunctional slack-
fill." *Id.* Nonfunctional slack-fill is empty space within packaging that is filled to less

1  than its capacity for reasons other than provided for in the enumerated slack fill

2  exceptions.

**A.    21 C.F.R. 100.10(a)(1) – Protection of the Contents**

27.    The slack-fill in the Product's containers does not protect the contents of the packages. In fact, because the Product is a nutrition supplement/powder, there is no need to protect the Product with the slack-fill present.

**B.    21 C.F.R. 100.100(a)(2) – Requirements of the Machines**

28.    The machines used to package the Products would not be affected if there was more powder product added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

29.    Because the packages are filled to less than half of their capacity, Defendant can increase the Product's fill level significantly without affecting how the containers are sealed, or it can disclose the fill-level on the outside labeling to inform consumers of the amount of powder product actually in the container, consistent with the law.

**C.    21 C.F.R. 100.100(a)(3) – Settling During Shipping and Handling**

30.    The slack-fill present in the Product's containers is not a result of the nutrition supplement/powder product settling during shipping and handling. Given the Product's density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

31.    Even if *some* product settling may occur, there is no reason why the Product's containers are nearly half empty, when competitor products – such as the SuperiorSource product below – which have similar product density, shape, and composition as Defendant's product, are filled nearly 90% full.

**D.    21 C.F.R. 100.100(a)(4) – Specific Function of Package**

32.    The packages do not perform a specific function that necessitates the slack-fill. This safe harbor would only apply if a specific function were "inherent to the nature of the food and [] clearly communicated to consumers." The packages do not perform a

function that is inherent to the nature of the food. Defendant did not communicate a specific function to consumers, making this provision inapplicable.

**E.    21 C.F.R. 100.100(a)(5) – Reusable Container**

33.    The Product's packaging is not reusable or of any significant value to the Product independent of its function to hold the nutrition supplement/powder product. The Product's containers are intended to be discarded immediately after the powder product is used.

**F.    21 C.F.R. 100.100(a)(6) – Inability to Increase Fill or Decrease Container Size**

34.    The slack-fill present in the Product's containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

35.    Defendant can easily increase the quantity of powder in each container (or, alternatively, decrease the size of the containers) significantly.

36.    Because none of the safe harbor provisions apply to the Product's packaging, the packages contain nonfunctional slack-fill in violation of 21 C.F.R. 100.100 and are, therefore, filled as to be misleading. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits more definitively.

**Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill**

37.    Contrast the Product's packaging with a comparator product, such as SuperiorSource Keto Collagen, which is also packaged in an opaque container. The SuperiorSource container measures to a vertical height of approximately 7 inches. The container is filled with product to a height of approximately 6.3 inches. Therefore, this product is approximately 90% filled with a similar powder product. Below is a true and correct image of the comparator product. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty space.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21    38.    The SuperiorSource packaging provides additional evidence that the slack-
22  fill present in the Product's packaging is nonfunctional.
23    39.    The SuperiorSource packaging provides additional evidence that the slack-
24  fill in the Product is not necessary to protect and, in fact, does not protect, the contents
25  of the Product; is not a requirement of the machines used for enclosing the contents of
26  the Product; is not a result of unavoidable product settling during shipping and
27  handling; is not needed to perform a specific function; and is not part of a legitimate
28  reusable container.

40.    The SuperiorSource packaging provides additional evidence that Defendant is able to increase the level of fill inside the Product's containers.

41.    The SuperiorSource packaging provides additional evidence that Defendant has reasonable alternative designs available to it in its packaging of the Product.

42.    Plaintiff did not expect that the Product would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law and California law.

43.    The Product is made, formed, and filled so as to be misleading. The Product is, therefore, misbranded.

44.    Defendant's false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

45.    Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff bring this action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Product in the United States for personal use and not for resale during the time period of four years prior to the filing of this Complaint to the present.

Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Product. Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

47.    The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

48.   Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.  The true nature and amount of product contained in each Product's packaging;

b.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive;

c.  Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Product's packaging complied with federal and California slack-fill regulations and statutes;

d.  Whether the Product contains nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

e.  Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

f.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

g.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h.  Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

i.  Whether Defendant made false and misleading representations in its advertising and labeling of the Product;

j.  Whether Defendant knew or should have known that the misrepresentations were false;

k.  Whether Plaintiff and the Class paid more money for the Product than they actually received;

l. How much more money Plaintiff and the Class paid for the Product than they actually received;

m. Whether Defendant's conduct alleged herein is fraudulent;

n. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

o. Whether Defendant intentionally misrepresented the amount of powder contained in the Product's packaging; and

p. Whether Defendant negligently misrepresented the amount of nutrition supplement/powder contained in the Product's packaging.

49. Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained on packaging and labeling that was seen and relied on by Plaintiff and members of the Class.

50. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

51. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations. Plaintiff purchased the Product because of the size of the containers and the product labels, which he believed to be indicative of the amount of powder product contained therein as commensurate with the size of the container. Plaintiff relied on Defendant's representations and would not have purchased the Product if he had known that the packaging, labeling, and advertising as described herein was false and misleading.

52. The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by Internet publication, radio, newspapers, and magazines.

53. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would

make it impracticable or impossible for the Class to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

54.    Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

55.    Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

56.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

57.    Plaintiff brings this claim individually and on behalf of the Class.

58.    Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

59.    The FDA has implemented regulations to achieve this objective. *See, e.g.,* 21 C.F.R. § 101.1 *et seq.*

60.    The legislature of California has incorporated 21 C.F.R. Section 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code Section 12606.2 *et seq.*

61.    The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013 U.S. Dist. LEXIS 25615, 2013 WL 685372, at \*1 (internal citations omitted).

62.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.,* 21 U.S.C. § 343 *et. seq.*

63.    Plaintiff is not suing under the FDCA, but under California state law.

64.    The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.,* has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

65.    The Sherman Law declares any food to be misbranded if it is false or misleading in any particular or if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

66.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

**A. "Unfair Prong"**

67.    Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers

1  themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*,

2  142 Cal. App. 4th 1394, 1403 (2006).

3      68.    Defendant's actions alleged herein do not confer any benefit to consumers.

4      69.    Defendant's actions alleged herein cause injuries to consumers, who do not

5  receive a quantity of Product commensurate with their reasonable expectations.

6      70.    Defendant's actions alleged herein cause injuries to consumers, who do not

7  receive a level of nutrition supplement/powder commensurate with their reasonable

8  expectations.

9      71.    Defendant's actions alleged herein cause injuries to consumers, who end

10  up overpaying for the Product and receiving a quantity of powder less than what they

11  expected to receive.

12      72.    Consumers cannot avoid any of the injuries caused by Defendant's actions

13  as alleged herein.

14      73.    Accordingly, the injuries caused by Defendant's conduct alleged herein

15  outweigh any benefits.

16      74.    Some courts conduct a balancing test to decide if a challenged activity

17  amounts to unfair conduct under California Business and Professions Code Section

18  17200. They "weigh the utility of the defendant's conduct against the gravity of the

19  harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169

20  (9th Cir. 2012).

21      75.    Here, Defendant's challenged conduct of has no utility and financially

22  harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the

23  gravity of harm.

24      76.    Some courts require that "unfairness must be tethered to some legislative

25  declared policy or proof of some actual or threatened impact on competition." *Lozano v.*

26  *AT&T WirelessServs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

27      77.    The California legislature maintains a declared policy of prohibiting

28  nonfunctional slack-fill in consumer goods, as reflected in California Business and

Professions Code Section 12606.2 and California Health and Safety Code Section 110100.

78.    The significant nonfunctional slack-fill contained in the Product is tethered to a legislative policy declared in California according to Cal. Business and Professions Code Section 12606.2 and Cal. Health & Safety Code Section 110100.

79.    Defendant's packaging of the Product, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

80.    Defendant knew or should have known of its unfair conduct.

81.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

82.    There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of powder product contained within the Product.

83.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unfair conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

84.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this Product. Specifically, Plaintiff paid for nutrition supplement/powder product he never received. Plaintiff would not have purchased the Product if he had known that the Product's packaging contained nonfunctional slack-fill.

### B. "Fraudulent" Prong

85.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

1    86.    Defendant's conduct alleged herein is likely to deceive members of the

2    public.

3    87.    Defendant's packaging of the Product, as alleged herein, is false,

4    deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

5    88.    Defendant knew or should have known of its fraudulent conduct.

6    89.    As alleged herein, the misrepresentations by Defendant detailed above

7    constitute a fraudulent business practice in violation of California Business &

8    Professions Code Section 17200.

9    90.    Defendant had reasonably available alternatives to further its legitimate

10   business interests, other than the fraudulent conduct described herein. Defendant could

11   have used packaging appropriate for the proportion of product contained therein.

12   91.    All of the conduct alleged herein occurred and continues to occur in

13   Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized

14   course of conduct repeated on thousands of occasions daily.

15   92.    Plaintiff and the Class have suffered injury in fact and have lost money as a

16   result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for this

17   Product. Specifically, Plaintiff paid for powder product he never received. Plaintiff

18   would not have purchased the Products if he had known that the packaging contained

19   nonfunctional slack-fill.

20   ### C. "Unlawful" Prong

21   93.    California Business and Professions Code Section 17200, *et seq.*, identifies

22   violations of other laws as "unlawful practices that the unfair competition law makes

23   independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049,

24   1068 (C.D. Cal. 2008).

25   94.    Defendant's packaging of the Product, as alleged in the preceding

26   paragraphs, violates California Civil Code Section 1750, *et. seq.*, California Business

27   and Professions Code Section 17500, *et. seq.*, and 21 C.F.R Section 100.100.

28

95.   Defendant's packaging of the Product, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

96.   Defendant knew or should have known of its unlawful conduct.

97.   As alleged herein, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

98.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have either used packaging appropriate for the amount of powder product contained therein or indicated how much powder the Product contained with a clear and conspicuous fill line.

99.   All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

100.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this product.  Specifically, Plaintiff paid for nutrition supplement/powder product he never received. Plaintiff would not have purchased the Product if he had known that the packaging contained nonfunctional slack-fill.

101.  As a result of the conduct described herein, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Product as a result of the wrongful conduct of Defendant.

   a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)    The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under the FAL and CLRA. Thus, class members who purchased the Product between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

(2)    The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall unfair marketing scheme of underfilling the Product's packaging. Thus, Plaintiff and class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and certain statutorily enumerated conduct).

(3)    Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively underfill the Product's packaging. Injunctive relief is necessary to prevent Defendant from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unlawful marketing efforts. Such modifications could include, but are not limited to, shrinking the packaging, adding more powder product to the packaging, or adding a fill line on the front label. Such relief is not available through a legal

remedy, as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members will pay for the underfilled Products), rendering injunctive relief a necessary remedy.

102.  Pursuant to Civil Code § 3287(a), Plaintiffs and the Class are further entitled to prejudgment interest as a direct and proximate result of Defendant's unfair, fraudulent, and unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiffs and the Class are entitled to interest in an amount according to proof.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF

## BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

103.  Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

104.  Plaintiff brings this claim individually and on behalf of the Class.

105.  California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

106.   Defendant knowingly manipulated the physical dimensions of the Product's containers, or stated another way, under-filled the amount of powder product in the Product, as a means to mislead the public about the amount of powder product contained in each package.

107.   Defendant controlled the packaging of the Product. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of powder product contained in the Product were untrue and misleading.

108.   Defendant's action of packaging the Product with nonfunctional slack-fill, instead of including more powder in the container or decreasing the size of the container, is likely to deceive the general public.

109.   Defendant's actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

110.   As a direct and proximate result of Defendant's conduct alleged herein in violation of the FAL, Plaintiff and members of the Class, pursuant to Section 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant and requiring Defendant to disclose the true nature of its misrepresentations.

a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)   The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Product for nonpersonal, non-family, and non-household purposes. Thus, Plaintiff and class members may be entitled to restitution under the FAL, while not entitled to damages under the CLRA

(2)   Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively underfill the Product's packaging. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through

available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Product that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more powder product to the packaging, or adding a fill line the front label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members overpay for the underfilled Products), rendering injunctive relief a necessary remedy.

111. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Product in reliance upon the claims by Defendant that the Product was of the quantity represented by Defendant's packaging and advertising. Plaintiff would not have purchased the Product if he had known that the packaging and labeling as alleged herein were false.

112. Plaintiff and members of the Class also request an order requiring Defendant disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *et seq.*

113.   Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

114.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

115.   The practices described herein, specifically Defendant's packaging, advertising, and sale of the Product, were intended to result and did result in the sale of the Product to the consuming public and violated and continue to violate sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9) of the CLRA by: (1) misrepresenting the approval of the Product as compliant with 21 C.F.R Section 100.100 and the Sherman Law; (2) representing the Product have characteristics and quantities that they do not have; (3) advertising and packaging the Product with intent not to sell them as advertised and packaged; and (4) representing that the Product have been supplied in accordance with a previous representation as to the quantity of  powder contained within each container, when they have not.

116.   Defendant fraudulently deceive, and continues to deceive, Plaintiff and the Class by representing that the Product's packaging, which includes significant nonfunctional slack-fill, actually conforms to federal and California slack-fill regulations and statutes including the Sherman Law and 21 C.F.R. 100.100.

117.   Defendant packaged the Product in containers that contain significant nonfunctional slack-fill and made material misrepresentations to fraudulently deceive Plaintiff and the Class.

118.   Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Product as having characteristics and quantities which they do not have, e.g., that the Product is free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

119.  Defendant fraudulently deceived Plaintiff and the Class by packaging and advertising the Product with intent not to sell them as advertised and by intentionally underfilling the Product's containers and replacing powder product with nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

120.  Defendant fraudulently deceived Plaintiff and the Class by representing that the Product was supplied in accordance with an accurate representation as to the quantity of powder product contained therein when they were not. Defendant presented the physical dimensions of the Product's packaging to Plaintiff and the Class before the point of purchase and gave Plaintiff and the Class a reasonable expectation that the quantity of product contained therein would be commensurate with the size of the packaging. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

121.  Defendant knew or should have known, through the exercise of reasonable care, that the Product's packaging was misleading.

122.  Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

123.  Defendant's packaging of the Product was a material factor in Plaintiff's and the Class's decisions to purchase the Product. Based on Defendant's packaging of the Product, Plaintiff and the Class reasonably believed that they were getting more product than they actually received. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Product.

124.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for powder product he never received. Plaintiff would not have purchased the Product had he known the container contained nonfunctional slack-fill.

125.  Plaintiff respectfully requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). In addition, Defendant should be compelled to provide restitution and damages to consumers who paid for Product that are not what they expected to receive due to Defendant's misrepresentations.

    a.  Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

        (1)  Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively underfill the Product's packaging. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct described herein and to prevent future harm – none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Product that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more powder product to the packaging, or adding a fill line on the front label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff

is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members overpay for the underfilled Product), rendering injunctive relief a necessary remedy.

## FOURTH CAUSE OF ACTION

### Restitution Based on Quasi-Contract/Unjust Enrichment

126. Plaintiff repeats and realleges the allegations set forth above and incorporate the same as if set forth herein at length.

127. Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendant.

128. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Product to Plaintiff and the Class in a manner that was unfair, unconscionable, and oppressive.

129. Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and the Class.

130. As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

131. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

132. Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Product to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

133. The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund

1 for the benefit of Plaintiff and members of the Class all wrongful or inequitable
2 proceeds received by Defendant.

3      134. Plaintiff and members of the Class have no adequate remedy at law.

4 ### FIFTH CAUSE OF ACTION

5 ### Common Law Fraud

6      135. Plaintiff repeats and realleges all of the allegations contained in the
7 preceding paragraphs and incorporate the same as if set forth herein at length.

8      136. Plaintiff brings this cause of action individually and on behalf of the Class
9 against Defendant.

10      137. Defendant has willfully, falsely, and knowingly filled and packaged the
11 Product in a manner indicating that the Product is sufficiently filled with an amount of
12 powder product commensurate with the size of the container. However, the Product
13 contains significantly less powder product than advertised and instead contain a
14 substantial amount of nonfunctional and unlawful slack-fill. Defendant has
15 misrepresented the quantity of powder product contained in the Product.

16      138. Defendant's misrepresentations are and were material (i.e., the type of
17 misrepresentations to which a reasonable person would attach importance and would be
18 induced to act thereon in making his or her purchase decision), because they relate to
19 the quantity of powder product contained in the Product.

20      139. Defendant knew of, or showed reckless disregard for, the fact that the
21 Product contained a substantial amount of nonfunctional slack-fill.

22      140. Defendant intended for Plaintiff and the Class to rely on these
23 representations, as evidenced by Defendant's intentional manufacturing of packaging
24 that is substantially larger than necessary to hold the volume of the contents contained
25 therein.

26      141. Plaintiff and the Class have reasonably and detrimentally relied on
27 Defendant's misrepresentations when purchasing the Product and, had they known the
28

1    truth, they would not have purchased the Product or would have paid significantly less

2    for the Product.

3        142.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff

4    and members of the Class have suffered injury in fact.

5                              **SIXTH CAUSE OF ACTION**

6                            **Intentional Misrepresentation**

7        143.   Plaintiff repeats and realleges all of the allegations contained above and

8    incorporate the same as if set forth herein at length.

9        144.   Plaintiff brings this cause of action individually and on behalf of all

10   members of the Class against Defendant.

11       145.   Defendant has filled and packaged the Product in a manner indicating that

12   the Product is adequately filled with powder. However, the Product contains

13   significantly less powder product than advertised and instead contain a substantial

14   amount of nonfunctional slack-fill. Defendant misrepresents the quantity of powder

15   product contained within the Product's packaging.

16       146.   Defendant's misrepresentations regarding the Product are material to a

17   reasonable consumer, as they relate to the quantity of product received by consumers. A

18   reasonable consumer would attach importance to such representations and would be

19   induced to act thereon in making his or her purchase decision.

20       147.   At all relevant times when such misrepresentations were made, Defendant

21   knew or should have known that the representations were misleading.

22       148.   Defendant intended for Plaintiff and the Class to rely on the size and style

23   of the Product's packaging, as evidenced by Defendant's intentional manufacturing,

24   marketing, and selling of packaging that is significantly larger than is necessary to

25   contain the volume of the contents within them.

26       149.   Plaintiff and the Class reasonably and justifiably relied on Defendant's

27   intentional misrepresentations when purchasing the Product, and had they known the

28

truth, they would not have purchased the Product or would have purchased them at significantly lower prices.

150. As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class have suffered injury in fact.

## SEVENTH CAUSE OF ACTION

### Negligent Misrepresentation

151. Plaintiff repeats and realleges all of the allegations contained above and incorporate the same as if set forth herein at length.

152. Plaintiff brings this cause of action individually and on behalf of the Class against Defendant.

153. Defendant has filled and packaged the Product in a manner indicating that the Product is adequately filled with powder product. However, the Product contains significantly less powder product than advertised and instead contain a substantial amount of nonfunctional slack-fill. Defendant misrepresents the quantity of powder product contained within the Product's packaging.

154. Defendant's misrepresentations regarding the Product are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

155. At all relevant times when such misrepresentations were made, Defendant knew or should have known that the Product was not adequately filled with powder but instead contained a substantial amount of nonfunctional slack-fill.

156. Defendant intended for Plaintiff and the Class to rely on the size and style of the Product's packaging, as evidenced by Defendant's packaging that is significantly larger than is necessary to contain the volume of the powder product therein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

A.  An Order certifying the Class, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

B.  An order enjoining Defendant from continuing to package and/or label the as challenged herein;

C.  Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;

D.  Restitution and/or disgorgement in an amount to be determined at trial;

E.  Reasonable attorneys' fees and costs; and

F.  Granting such other and further as may be just and proper.

Dated:  July 17, 2022

PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff

EXHIBIT B

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Glanbia Performance Nutrition (Manufacturing), Inc.                                07/26/2022

█████
Glanbia Performance Nutrition
3500 Lacey Rd STE 1200
Downers Grove IL 60515

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**



Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Glanbia Performance Nutrition (Manufacturing), Inc. |
| 2. | **Title of Action:** | Michael Gonzales, individually and on behalf of all others similarly situated vs. Glanbia Performance Nutrition (Manufacturing), Inc., and Does 1 through 25, inclusive |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location<br>Class Action Complaint |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 22STCV22913 |
| 7. | **Case Type:** | Violation of California Unfair Competition Law,<br>Business and Professions Code |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 07/22/2022 |
| 10. | ██████ | ██████ |
| 11. | ██████ | ██████                         ██████ |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Scott J. Ferrell<br>Newport Beach, CA<br>(949) 706-6464 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 07/18/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk
22STCV22913

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC., a Delaware corporation, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL GONZALES, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES 312 N. Spring Street, Los Angeles, CA 90012 | 22STCV22913 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC          Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE: *(Fecha)* 07/18/2022 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* R. Lozano | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

46

Electronically FILED by Superior Court of California, County of Los Angeles on 07/18/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk

22STCV22913

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
 STREET ADDRESS: 312 N. Spring Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles, CA  90012
 BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Gonzales, et al. v. Glanbia Performance Nutrition (Manufacturing), Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV22913<br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
 [ ] Auto (22)
 [ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 [ ] Asbestos (04)
 [ ] Product liability (24)
 [ ] Medical malpractice (45)
 [ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
 [ ] Business tort/unfair business practice (07)
 [ ] Civil rights (08)
 [ ] Defamation (13)
 [ ] Fraud (16)
 [ ] Intellectual property (19)
 [ ] Professional negligence (25)
 [ ] Other non-PI/PD/WD tort (35)
**Employment**
 [ ] Wrongful termination (36)
 [ ] Other employment (15)

**Contract**
 [ ] Breach of contract/warranty (06)
 [ ] Rule 3.740 collections (09)
 [ ] Other collections (09)
 [ ] Insurance coverage (18)
 [ ] Other contract (37)
**Real Property**
 [ ] Eminent domain/Inverse condemnation (14)
 [ ] Wrongful eviction (33)
 [ ] Other real property (26)
**Unlawful Detainer**
 [ ] Commercial (31)
 [ ] Residential (32)
 [ ] Drugs (38)
**Judicial Review**
 [ ] Asset forfeiture (05)
 [ ] Petition re: arbitration award (11)
 [ ] Writ of mandate (02)
 [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
 [ ] Antitrust/Trade regulation (03)
 [ ] Construction defect (10)
 [X] Mass tort (40)
 [ ] Securities litigation (28)
 [ ] Environmental/Toxic tort (30)
 [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
 [ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
 [ ] RICO (27)
 [ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
 [ ] Partnership and corporate governance (21)
 [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [X] Large number of separately represented parties
 b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 17, 2022

Scott J. Ferrell
(TYPE OR PRINT NAME)                    ▶  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**       *LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: Gonzalez v. Glanbia Performance Nutrition (Manufacturing), Inc., et al. | CASE NUMBER 22STCV22913 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4
49

| SHORT TITLE: Gonzalez v. Glanbia Performance Nutrition (Manufacturing), Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
50

| SHORT TITLE: Gonzalez v. Glanbia Performance Nutrition (Manufacturing), Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Gonzalez v. Glanbia Performance Nutrition (Manufacturing), Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the
type of action that you have selected. Enter the address which is the basis for the filing location, including zip code.
(No address required for class action cases).

| REASON: |  |  |  |  |  |  |  |  |  |  | ADDRESS: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓1. | 2. | 3. | 4. | 5. | 6. | 7. | 8. | 9. | 10. | 11. | 3500 Lacey Road, Suite 1200 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Downers Grove | IL | 60515 |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the _Central_ District of
the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _July 17, 2022_

_[signature]_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY
COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev.
   02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a
   minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum
   must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
52



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)
Date:

_____              ➤  _____
        (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

| | |
|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| Print | Save |
|---|---|

Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Ci61

Print     Save

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| . **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER. |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
|---|---|---|
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| | ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

64

Whereas the Early Organizational Meeting Stipulation is intended to encourage
cooperation among the parties at an early stage in litigation in order to achieve
litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation
will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the
Early Organizational Meeting and potentially to reduce the need for motions to
challenge the pleadings, it is necessary to allow additional time to conduct the Early
Organizational Meeting before the time to respond to a complaint or cross complaint
has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
which an action is pending to extend for not more than 30 days the time to respond to
a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30
days the time to respond to a complaint or to a cross complaint in any action in which
the parties have entered into the Early Organizational Meeting Stipulation. This finding
of good cause is based on the anticipated judicial efficiency and benefits of economic
case resolution that the Early Organizational Meeting Stipulation is intended to
promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered
into an Early Organizational Meeting Stipulation, the time for a defending party to
respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_        _[signature]_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

JUL 2 2 2022

EXHIBIT D

ROBERT D. PHILLIPS, JR. (State Bar No. 82639)
RACHEL E. K. LOWE (State Bar No. 246361)
GILLIAN H. CLOW (State Bar No. 298966)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:    213-576-1000
Facsimile:    213-576-1100
E-mail:  bo.phillips@alston.com
          rachel.lowe@alston.com
          gillian.clow@alston.com

Attorneys for Defendant
**GLANBIA PERFORMANCE NUTRITION
(MANUFACTURING), INC.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL GONZALES, individually and on behalf of all other similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No. 22STCV22913<br><br>**DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF NOTICE OF REMOVAL TO FEDERAL COURT**<br><br><br>Complaint Filed:    July 18, 2022<br>Trial Date:      None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF MICHAEL GONZALES, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Glanbia Performance Nutrition (Manufacturing), Inc. filed a Notice of Removal in the United States District Court for the Central District of California on August 19, 2022. A true and correct copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit "A."

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

Dated:  August 19, 2022

ROBERT D. PHILLIPS, JR.
RACHEL E. K. LOWE
GILLIAN H. CLOW

**ALSTON & BIRD LLP**

By:    _/s/_ Rachel E. K. Lowe
                     Rachel E. K. Lowe

Attorneys for Defendant
**GLANBIA PERFORMANCE NUTRITION (MANUFACTURING), INC.**

1
2
3
4

**PROOF OF SERVICE**

I, Lisa Reynolds, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.

On August 19, 2022, I served the document(s) described as **DEFENDANTS' NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:  See Attached Service List

☐   BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☒   ☒ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY:  I deposited such envelope in a facility regularly maintained by ☒ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☒ UPS ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐   BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒   [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   [Federal]       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2022, at Los Angeles, California.

*Lisa Reynolds*
_____
Lisa Reynolds

*Michael Gonzales v. Glanbia Performance Nutrition (Manufacturing), Inc.*
**Superior Court for the County of Los Angeles Case No. 22STCV22913**
**USDC Case No. TBD**

**SERVICE LIST**

Scott J. Ferrell, Esq.                                   Attorneys for Plaintiff
**PACIFIC TRIAL ATTORNEYS**                              **Michael Gonzales**
A Professional Corporation
4100 Newport Place Drive, Ste. 800                       Telephone: (949) 706-6464
Newport Beach, CA 92660                                  Facsimile:  (949) 706-6469
                                                         Email: sferrell@pacifictrialattorneys.com

# PROOF OF SERVICE

I, Lisa M. Reynolds, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the action in which this service is made.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.

On August 19, 2022, I served the document(s) described as **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

See Attached Service List

☒   BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐   BY FEDERAL EXPRESS  ☐ UPS NEXT DAY AIR  ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS  ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of  ☐ FEDERAL EXPRESS  ☐ UPS  ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐   BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document(s) by electronic mail transmission with attachment to the parties at the electronic mail address set forth on the attached Service List.

☐   BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒   [Federal]  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2022, at Los Angeles, California.

_Lisa Reynolds_

_____
Lisa M. Reynolds

*Michael Gonzales v. Glanbia Performing Nutrition (Manufacturing), Inc.,*

**Case No:**  2:22-cv-05909

**SERVICE LIST**

Scott J. Ferrell, Esq.                    Attorneys for Plaintiff
**PACIFIC TRIAL ATTORNEYS**               **Michael Gonzales**
A Professional Corporation
4100 Newport Place Dr., Ste. 800          Telephone:   (949) 706-6464
Newport Beach, CA 92660                   Facsimile:    (949) 706-6469
                                          Email:  sferrell@pacifictrialattorneys.com